**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000728**
**23-JUN-2025**
**08:08 AM**
**Dkt. 72 SO**

NO. CAAP-22-0000728


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR THE RMAC TRUST, SERIES 2016-CTT,
Plaintiff/Counterclaim Defendant-Appellee,
v.
GERALD GOLDSTEIN, Defendant/Cross-claim Defendant-Appellant,
TRINITY FINANCIAL SERVICES, LLC,
Defendant/Counterclaimant/Cross-claimant-Appellee,
CLAIRE LEVINE; ASSOCIATION OF APARTMENT OWNERS OF
WAILEA BEACH VILLAS; WAILEA COMMUNITY ASSOCIATION;
WAILEA BEACH VILLAS ASSOCIATION OF APARTMENT OWNERS;
HAR-BRONSON DIVERSIFIED, LLC; and PACIFIC WESTERN BANK,
Defendants/Cross-claim Defendants-Appellees,
and
DOES 1 THROUGH 20, INCLUSIVE, Defendants/Cross-claim Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC191000246)


### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)


Defendant/Cross-claim Defendant-Appellant Gerald

Goldstein (**Goldstein**) appeals from the Findings of Fact (**FOFs**)

and Conclusions of Law (**COLs**); Order Granting Plaintiff/ Counterclaim Defendant-Appellee U.S. Bank National Association, Not in Its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2016-CTT's (**U.S. Bank**) Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, Filed August 16, 2022 (**Order**), and Judgment, both entered on October 11, 2022 by the Circuit Court of the Second Circuit (**circuit court**).[1]

Goldstein raises four points of error on appeal, contending that the circuit court erred in granting summary judgment and an interlocutory decree of foreclosure because: (1) there were genuine issues of material fact concerning the principal balance owed under the promissory note (**Note**); (2) the evidence used to prove the principal, interest, costs, tax, and other amounts due were not admissible under the hearsay exception in Hawaii Rules of Evidence (**HRE**) Rule 803(b)(6); (3) U.S. Bank failed to provide adequate notice of the assignments of the subject mortgage (**Mortgage**), the deferred interest charges, and acceleration of the loan; and (4) all claims under the Note are barred by the six-year statute of limitations (**SOL**).

---

[1] The Honorable Kelsey T. Kawano presided.

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Goldstein's points of error as follows:

(1) Goldstein contends that U.S. Bank failed to prove that no genuine issue of material fact existed as to the principal balance due under the Note because: (1) the Note was executed on January 19, 2007, with the "principal amount of $4,991,000 and the initial rate of 8.625% per annum"; (2) U.S. Bank represented that the principal balance as of May 1, 2022 was $5,408,940.13; and (3) there is no showing or proof of how the $5,408,940.13 principal balance was calculated.

We review the circuit court's grant of summary judgment de novo. Kanahele v. State, 154 Hawai'i 190, 201, 549 P.3d 275, 286 (2024). Pursuant to Hawai'i Rules of Civil Procedure Rule 56(c), summary judgment shall be granted,

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Foreclosing parties must "demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with." Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 41, 414 P.3d 89, 93 (2018) (citation omitted).

Typically, this requires that the plaintiff prove: (1) "the existence of an agreement"; (2) "the terms of the agreement"; (3) "a default by the mortgagor under the terms of the agreement" -- i.e., failure to make payments; and (4) "giving of the cancellation notice." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017) (citation omitted).

The summary judgment record reflects that U.S. Bank produced no evidence to establish how the $5,408,940.13 principal balance was calculated.[2] The circuit court's adoption of this figure as the principal balance does not, however, provide a basis for setting aside the circuit court's grant of summary judgment. Goldstein does not dispute that a default occurred, and a discrepancy in the amount of the principal balance due does not merit vacating the foreclosure decree. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 549, 654 P.2d 1370, 1374 (App. 1982) (determining that Hawaii Revised Statutes (**HRS**) § 667-1.5 (2016) "does not require the determination of a sum certain before foreclosure is decreed

---

[2]    U.S. Bank's motion for summary judgment attached the declaration of Alicia Stewart (**Stewart**), an employee of U.S. Bank's authorized loan servicing agent Rushmore Loan Management Services, LLC. Stewart's declaration states that the Note was executed with the "principal amount of $4,991,000.00, plus interest at the initial rate of 8.625% per annum." It further states that the principal balance at the time of the motion for summary judgment totaled $5,408,940.13, and that interest of over $2.7 million was due at "various rates," yet there is no showing or proof of how the $5,408,940.13 principal balance was calculated.

since a deficiency judgment is rendered only after the sale of the mortgaged property") (citation omitted).

We therefore vacate FOF 19, which finds the principal balance to be $5,408,940.13. We further vacate COL 1, and paragraph 2 of the Order, to the extent that the circuit court calculated the total amount of $9,443,572.54 "due and owing" to U.S. Bank based on the $5,408,940.13 principal balance. We otherwise affirm the circuit court's FOFs, COLs, and Order granting an interlocutory decree of foreclosure in favor of U.S. Bank.

(2) Goldstein contends that the circuit court erroneously relied on "inadmissible hearsay . . . in determining the date of default . . . , the principal amount of the loan, interest due, and other costs allegedly incurred" because U.S. Bank's supporting declaration failed to establish familiarity with the record-keeping system of a prior loan servicer, and thus, it did not meet the requirements for introducing business records under HRE Rule 803(b)(6), and U.S. Bank N.A. v. Mattos, 140 Hawai'i 26, 32, 398 P.3d 615, 621 (2017). Goldstein failed to raise this argument below, and it is therefore waived. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.") (citations omitted).

(3) Goldstein contends that U.S. Bank failed to provide adequate notice of the assignments of the Mortgage and of the "[d]eferred [i]nterest" charges under the Note, and that U.S. Bank's notice of "acceleration" failed to adequately inform Goldstein of his right to bring a court action to challenge the default as required under the Mortgage terms.

Goldstein did not argue below that U.S. Bank's notice of default failed to comply with the Mortgage terms, or that he was not given notice of the deferred interest charges. Those arguments are therefore waived.

Goldstein cites HRS § 454M-5(b)(1) (2013) to support his argument that a lender is required to provide notice of the assignments of the Mortgage. HRS § 454M-5(b)(1) requires loan servicers to disclose to borrowers "[a]ny notice required by [12 C.F.R. § 1024.33 (2019)]." 12 C.F.R. § 1024.33 sets forth the duty of a loan servicer to notify the borrower of a *change in servicer*. Relevant here, 12 C.F.R. § 1024.33 does not require loan servicers to notify a borrower of an assignment of the mortgage. Goldstein therefore fails to identify any authority supporting his contention of error.

(4) Goldstein contends that the six-year SOL under HRS § 657-1 (2016) bars enforcement of the Note because the cause of action accrued upon default, which occurred on April 1, 2009, and U.S. Bank's complaint was filed on July 31, 2019.

We review the circuit court's application of an SOL de novo.  See Est. of Roxas v. Marcos, 121 Hawaiʻi 59, 66, 214 P.3d 598, 605 (2009).  HRS § 490:3-118(a) (2008) governs enforcement of a promissory note, and provides, in relevant part, that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."  "[I]n order for [a lender] to effectively exercise its option to accelerate the maturity dates of the [promissory note], the [lender is] required to communicate its exercise of the option to [the borrower] by some affirmative act when it did so," and the "initiation of a suit for the whole debt constitutes a sufficient affirmative act to communicate to the [borrower] that he or she has chosen to exercise his or her option to accelerate."  Bank of Haw. v. Kunimoto, 91 Hawaiʻi 427, 436, 984 P.2d 1253, 1262 (App. 1997) (citations omitted).  It appears that the loan was accelerated upon the filing of the complaint, as Goldstein fails to identify any evidence of an earlier acceleration date.  We thus conclude that the claim was commenced within the six-year SOL.

For the foregoing reasons, we vacate FOF 19, COL 1, and paragraph 2 of the Order, as discussed above, but otherwise

affirm the circuit court's October 11, 2022 FOFs, COLs, Order, and Judgment.

DATED: Honolulu, Hawaiʻi, June 23, 2025.

On the briefs:

Dennis E.W. O'Connor Jr.,
for Defendant/Cross-claim
Defendant-Appellant

David B. Rosen,
for Plaintiff/Counterclaim
Defendant-Appellee

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge